The next case is Joseph Jones v. United States, 2019-15-60. Mr. Stansky. Good morning, May it please the Court. My name is Michael Stansky and I represent Mr. Jones. This case presents an important procedural legal issue regarding how the discovery of misconduct relates to and accrues for Tucker Act and taking closed claims. I want to first start by talking about the misconduct generally and move into the accrual. I think we're pretty aware of the facts here. How does later discovery of misconduct do anything to his knowledge of his cause of action which was a challenge to his removal? He certainly knew when he was removed they gave him the reasons for the removal. You're not suggesting that he was removed for some secret reason. You're suggesting that the reasons were not correct, but at the time of his removal obviously he knew he was removed. Shouldn't he have filed within six years? Your Honor, I don't agree with your characterization. But you have to agree that he knew he was removed, right? Yes, Your Honor. And they gave him reasons for his removal. Yes, Your Honor. What were they? It was misconduct. What kind of misconduct? It was misuse of drugs. However, whether the second misconduct that was ultimately overturned was a part of that basis is unknown. What second misconduct? The misconduct that was overturned at the NGP level for the cocaine drug, the cocaine use that was fabricated. Wait, wait, wait. You're confusing me. The actual, whatever document he got removing him from military service gave reasons for his removal. Yes, Your Honor. And what did those include? They weren't specific, right? They were just narcotics use. Did they say marijuana use and cocaine use, or did they just say narcotics use? Your Honor, I've never seen it. I've never seen that document. You don't know his removal document? I mean, that's at the heart of this case. Well, the actual discharge proceedings, I've never seen that. The 214, the document that says, hey, look, you are out of the military now, it says misconduct based on drug abuse. That's what it says. And so what Mr. Jones... So what are you saying he found out later that he couldn't have challenged at the time? So the second cocaine discovery, the urinalysis, that was fabricated. He did not know that. He did not know that it was fabricated. He learned that when the BCNR pronounced their decision in 2017. And what makes the difference? He knew whether he used cocaine or not. So if he thought he was being removed for cocaine use, and he knew he didn't use it, then he knew at the time. He didn't have to wait to find out that the test was fabricated, assuming that's true. He knew. I mean, he's not a legend that he was like somehow, you know, somebody slipped him a cocaine and he didn't know about it. Did he? No, Your Honor. Right? His argument is I didn't use cocaine and they removed me in part upon cocaine use based upon an improper lab test. Yes, Your Honor. But he would have known that at the time. Yes, Your Honor, but he... He may not have known the fact of the improper lab test, but he certainly knew whether he took cocaine or not. Yes, Your Honor. Isn't that enough? For the statute of limitations, you just have to have all the relevant events for the accrual of the action. And the action is I was removed. I believe the basis for it's improper. And here's, you know, my, you know, and that's it. He would have known at the time whether that removal was proper or not. And I think that it goes more not to looking at the specific events in a linear fashion, but rather looking overall at how this happened and whether the second cocaine, I'm sorry, not the cocaine use, but the fake cocaine results was a pretext to him being kicked out of the military. And so because he did not know of that why he should get the benefit of relating back to when the BCNR came out and said, hey, look, this is, this was, this is what happened. And that's why he should get the benefit of that accrual suspension. I also wanted to talk about the half a loaf doctrine and how it's here. That would be the half a loaf doctrine. He, the, the, the, the board of corrections upgraded his record, which is what they were, which is what they wanted to do. What else that's necessarily implied by their decision that they didn't do. So the, the BCNR gave him what he wanted. They gave him the full loaf. No, well, Your Honor, they gave him what he asked for. However, on the discovery of this new information, this misconduct by the, by the Navy. Have you gone back to the board and asked that his, his termination be voided and that he was aware of the limitations that were set for, and the running clock that, that is, that is, that is present at the court of federal claims. I mean, that seems like the proper use of the half a loaf doctrine. If they had ordered his removal voided, but refused to give him that pay, then they didn't give him the full loaf. But all he was asking for here was getting his a process that Mr. Jones would have followed, have we stayed in the court of federal claims, had the opportunity to stay the case there, and then try to do further. Well, you can't stay a case that's not within the statute of limitations. Yes, Your Honor. It's jurisdictional at the court of federal claims. Yes, Your Honor. And so Mr. Jones. How does half a loaf affect jurisdiction? How, how does it affect jurisdiction, Your Honor? It affects jurisdiction because the, the courts have looked at the, the, or this court has looked at what petitioners are able to get from an administrative board and have, have related back to, related the date back because of the, because of the, the half a loaf doctrine. Again, that might make sense if what the board had done is overturned his, his termination. But they didn't. Yes, Your Honor. And that is, that is the first step. The second step is on awareness now of. The court of federal claims lacks jurisdiction to consider the termination because your time barred. I don't know what your situation is at the board, but you haven't asked them to overturn the termination yet, apparently. No, Your Honor. So you can't bootstrap a possibility of getting the board to do something and presuming that it lacked half a loaf in the jurisdiction of the court of federal claims, can you? No, Your Honor. However, Mr. Jones takes, takes the instruction from Martinez that, that speaks to if you have some type of issue that you need the BCNR or the BCMR to take care of, then present it, if it's within the time limits, present it first to the court of federal claim, stay it there, and then try and get that further, further relief from the BCNR, BCMR to inform the court of federal claims. That does not seem to be my reading of Martinez, but do you have a current case of the BCNR asking for his termination to be? No, Your Honor. Well, then what would be, even if your reading of Martinez is correct, what basis would there be for the board or the court to stay its case when there's nothing pending at the board? We're resolving this issue first, Your Honor, and then that, that is, that is. So when we resolve this issue and dismiss, agree that it was dismissed for lack of jurisdiction, then you can go to the board. Yes, Your Honor. Our, Mr. Jones's preference would be for, for the court to, to reverse it, find the jurisdiction, and then allow that process to play out because of this newly discovered misconduct. And it is, it is a factual circumstance that has not, from, from my understanding of the jurisprudence at the court of federal claims and here at the court of appeal has, has, has never been addressed. What happens when the, the, there is a time bar and there is misconduct that is found out after that time bar? Well, the, if the misconduct has nothing to do with your client's knowledge of the relevant events that caused his cause of action to accrue, then the misconduct is irrelevant. I mean, this is basic Warnbook law. The time for statute of limitations to start running is when all the relevant events that form the basis of the cause of action are known or should have been known. And if you're challenging the termination, then it seems to me what you need to know is A, your client was terminated, which he surely knew, and B, the reasons for the termination. And what else is there for, for a cause of action to challenge an improper termination except those things? Yes, Your Honor. I, I, I think that, that there is a level of complexity, however, into viewing this case back in 1985 on that, that linear path. And I think that it, that's, that's not kind of what happened here. The, the, the second. You're saying your client didn't know why he was terminated or removed from the military? Yes, Your Honor. I'm saying that, that. So that form he got that actually affected his termination. He's aware of the, the 214. He is aware of the fact that it said. He's aware of the military's reasons for terminating him. Yes, Your Honor. And if he had disagreed with them at the time and thought they were insufficient, what would have precluded him at the time from challenging them? Because he was not aware of this potential pretext of the, the. What's the potential pretext? The pretext was the, the false cocaine testing. In other words, the pretext that he was removed based upon cocaine usage that he knew he didn't do. Yes, Your Honor. But he knew when he was removed, whether he did cocaine or not. Yes, Your Honor. And I think that what it comes down to is what is, what is the basis of that discharge? So if the basis of that discharge was just purely the marijuana use, then, then obviously there's no reason to be here. However, if the basis was also that, that fraudulent cocaine use that we don't know all the answers to, then that changes the dynamic. Dynamic. And that's why this, this, this court should, should look at that. I also want to briefly talk about the illegal taking, just to address the government's argument. Mr. Jones brings that forward as, as a vector for this court to consider jurisdiction and not, not yet on the merits. That's why it's coming forward on appeal. And I'm going to save my rebuttal. We will do that for you, Mr. Stansky. Thank you, Your Honors. May it please the court. I'll jump in to write what Your Honor, Justice Hughes was getting into. Thanks for the promotion. I'm sorry. Apologize for that. Or maybe not, thanks. I'm not sure about that. I do have a question about the record and a little bit of a hypothetical. If he, if it turns out, because I think that the, the document just says remove for narcotics use, right? It doesn't specify which? Well, his separation document isn't in the record, Your Honor. I have, I have seen it. It says separation for use of THC. But it, it, it, yes, but it is not in the record. Right. Why isn't that in the record? Well, Your Honor, because his claim is long barred by the statute of limitations. Is there any, I mean, so what if, is there any suggestion that he actually was removed for this secret reason of cocaine usage? No, Your Honor. And the record actually does reflect that Mr. Jones knows, I think, that he wasn't removed for cocaine usage. I'm looking at page three of his brief. Would that be some basis if the, a formal record said remove for marijuana, but then there was other secret documents that were never given over to him that said, look, we don't actually care very much about marijuana, but he also tested positive for cocaine and we should, we should get rid of him. No, Your Honor, I wouldn't. In this case. Why not? Because that seems to me a little bit close to they were, they're actual, they're concealing their actual reasons for removal. And if he doesn't find, I mean, again, it seems very implausible that that would happen if he actually tested positive for cocaine. That's a much more serious drug offense than marijuana usage. And so presumably they would have removed him for that too. But if they conceal the basis for the removal, isn't that precisely what the accrual suspension rules for? No, it's not, Your Honor. Not when we're dealing with section 2501. In this case, what we're dealing with is when his claim accrued and in a military pay case that is on the date of discharge. And even if there was intentional misconduct, even if we assume that to be true, that doesn't matter. Because what causes the claim to accrue is the removal. Absolutely. If he wants to challenge it and say this removal is wrong, he can do it. And presumably can get discovery into issues if he thinks it was unfair or is not sure what the reason is. Absolutely. In this case, what he's alleging is that his discharge was wrongful. And so the monetary claim here, what gives jurisdiction to the Court of Federal Claims if they had it, is his claim for back pay, his wrongful discharge. That accrued on September 13th, 1985 when he was discharged. So regardless of intentional misconduct later, he knew of his injury. He knew on July 2nd when he was allegedly charged with fabricated cocaine charges that when his injury was. The accrual suspension doctrine wouldn't save him. Likewise, the half a legal loaf doctrine wouldn't save him here. As Your Honor hinted at to my colleague, he was given the full legal loaf. He asked for a discharge upgrade and that is exactly what he got. And that's because his client was diagnosed with PTSD. And so the board found that while his diagnosis mitigated his misconduct, it did not condone his misconduct. The board did not find that the Navy committed any fraudulent acts. He did not ask that the board overturn his conviction or for monetary pay. So is there anything legally that would prevent him from going back to the board again and saying, well, you know, in hindsight, marijuana usage really was ongoing and shouldn't have been a basis and correct and give me the full upgrade? No, Your Honor, he can go back to the board. And it is worth pointing out that in this case, because his discharge was upgraded, he can actually go to the board and ask for potentially disability benefits. He isn't totally left without any kind of remedy or recourse in this case. The military has obviously recognized that a PTSD diagnosis should mitigate certain misconduct. Does the upgrade to the general discharge clear any bar that he would have had from getting VA benefits? Yes, it does. So now he can go get VA benefits in this case. He would have to show that he is entitled to those benefits. But yes, he can apply and there's nothing barring him from applying for that. So his discharge was upgraded, but it was still a discharge. Yes. That occurred 33 months after he was discharged, before his appeal. Absolutely. Yes, Your Honor. He was given an upgrade, but his discharge date remained the same. The board did not overturn his discharge. And it explicitly says on Appendix 31 and 32 that it does not condone his misconduct. So it did note that while we do not condone what you did, we do think your discharge should be upgraded. So it does entitle him to go try and get VA benefits in this case. And I just want to point out that the takings claim is not properly before this court because it is raised for the first time on appeal and is therefore waived. And his taking claim is also barred by the statute of limitations like his taking claim. And if Your Honors don't have any more questions for me, we request for those reasons that this court affirmed the trial court's decision. Thank you, Your Honors. Thank you, counsel. Mr. Stansky has some rebuttal time. Your Honor, I'm going to waive my rebuttal. Fine. Thank you. The case is submitted. Thank you.